IN FEDERAL DISTRICT COURT FOR

NORTH CAROLINA – MIDDLE DISTRICT

| | |
|---|---|
| ANORUO U. ASILONU, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BLESSING ASILONU, an individual, and ESTHER OKEIYI, and individual and her marital community.<br><br>Defendants. | COMPLAINT |

COMES NOW Plaintiff ANORUO U. ASILONU, by and through counsel, and alleges the following against Defendants BLESSING ASILONU, and ESTHER OKEIYI and her marital community.

I. INTRODUCTION

1. This is a lawsuit for financial support that is owed to Plaintiff because both BLESSING ASILONU (herein thereafter "Ms. Asilonu) and ESTHER OKEIYI (herein thereafter "Ms. Okeiyi") served as Plaintiff's U.S. immigration sponsors.

2. Form I-864, Affidavit of Support is a federal immigration form that was mandated by the United States Congress by legislation in 1996. The purpose of

the Form I-864 is to ensure that family-sponsored immigrants are guaranteed a basic level of financial support, sufficient to meet the most basic needs of life.

3. In mandating the Form I-864, Congress required visa sponsors, rather than the American people, serve as a financial safety net to new immigrants.

4. The Form I-864 is a legally binding contract between a sponsor and the United States government, of which the intending immigrant is a third-party beneficiary.

5. Mr. Asilonu is the beneficiary of Forms I-864 signed by each of the two Defendants.

6. The Defendants have failed to provide Plaintiff with the basic level of subsistence support promised in the Form I-864 contracts that they signed and filed with the federal government in support of Plaintiff's immigration case.

7. This lawsuit seeks to compel them to provide the support mandated by the Form I-864 contracts and federal law.

## II. PLAINTIFF

8. Plaintiff Anoruo U. Asilonu is a citizen of Nigeria and lawful permanent resident ("LPR") of the United States of America. *See* **Exhibit 1** (lawful permanent residency card).

9. Plaintiff resides in Chapel Hill, North Carolina.

## III. DEFENDANTS

10. Defendant Ms. Asilonu is a naturalized citizen of the United States of America.

11. As further alleged below, Ms. Asilonu served as Mr. Asilonu's immigration petitioner and Form I-864 sponsor, thereby contractually promising to provide a specified level of income to him.

12. Ms. Asilonu resides in Chicago, Illinois.

13. Defendant Ms. Okeiyi is a citizen of the United States of America and is Ms. Asilonu's mother.

14. As further alleged below, Ms. Okeiyi agreed to serve as an additional financial sponsor for Mr. Asilonu's immigration by executing an additional Form I-864, thereby contractually promising to provide a specified level of income to him.

15. Ms. Okeiyi resides at 1152 Covered Bridge Trail, Chapel Hill, NC 27517.

## IV. JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the Federal Immigration and Nationality Act *See* 8 U.S.C. § 1183a(e)(I).

17. This Court has personal jurisdiction over Defendant Ms. Okeiyi because she resides in this District.

18. Additionally, this Court has personal jurisdiction over both Defendants as, by signing the Forms I-864, they submitted to the jurisdiction of any court with subject matter jurisdiction over Plaintiff's claims. 8 U.S.C. § 1183a(a)(1)(C).

19. Venue is proper in this District as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. 28 U.S.C. § 1391(b)(2).

## V. FACTUAL ALLEGATIONS

**Background concerning the Form I-864, Affidavit of Support.**

20. United States immigration law has long prohibited immigration by individuals deemed likely to be a drain on public resources.

21. The current immigration statute, in effect at all times material to the facts alleged herein, forbids the entry of immigrants determined likely to become a "public charge." 8 U.S.C. § 1182(a)(4).

22. The Form I-864, Affidavit of Support ("Form I-864") is required for a family-based immigrant visa applicant to overcome public charge inadmissibility. See 8 U.S.C. § 1182(a)(4)(C).

23. The only family-based immigrants who are exempt from submitting a Form I-864 are those who qualify to submit a Form I-864W, Request for Exemption for Intending Immigrant's Affidavit of Support. The Form I-864W is available primarily to intending immigrants who have previously been credited with at least 40 quarters of work in the United States.

24. Creation of the Form I-864 was mandated by Congress to ensure that certain classes of immigrants to the United States would be guaranteed a level of financial support necessary to meet basic human needs. Cf. Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009.

25. The immigration agencies published interim regulations implementing the Form I-864 in the summer of 1997, which regulations were finalized in 2006. Affidavits of Support on Behalf of Immigrants, 62 Fed. Reg. 54346 (Oct. 20, 1997) (to be codified at 8 C.F.R. § 213.a1 et seq.) (hereinafter Preliminary Rules); Affidavits of Support on Behalf of Immigrants, 71 Fed. Reg. 35732 (June 21, 2006).

26. The Form I-864 has been mandatory in marriage-based immigrant visa cases at all times material to the case at bar.

27. The Form I-864 is a legally binding contract between the sponsor and the United States Government.

28. Signing the Form I-864, the sponsor agrees to provide the intending immigrant with any support necessary to maintain her at an income that is at least 125 percent of the Federal Poverty Guidelines for her household size. See **Exhibit 2**, p. 7 (hereinafter "the Primary Form I-864").

29. The Federal Poverty Guidelines are published annually in the Federal Register, which published numbers govern the claims asserted herein.

30. The Form I-864 support obligation may be enforced by the immigrant beneficiary, who is a third-party beneficiary thereof.

31. The Form I-864 cautions the sponsor as follows: "If you do not provide sufficient support to the person who becomes a lawful permanent resident based on a Form I-864 that you signed, that person may sue you for this support." Exhibit 2, p. 8.

32. Signing the Form I-864, the sponsor agrees to submit to the personal jurisdiction of any federal or state court that has subject matter jurisdiction over a lawsuit against the sponsor to enforce obligations under the Form I-864. Exhibit 2, p. 9.

33. Signing the Form I-864, the sponsor certifies under penalty of perjury that the sponsor has read and understands each part of the obligations described in the Form I-864, and agrees freely and without any mental reservation or purpose of evasion to accept those obligations in order to make it possible for the immigrant(s) listed in the Form I-864 to become lawful permanent resident(s) of the United States. **Exhibit 2**, p. 9.

34. The Form I-864 sponsor also agrees to notify the Government of any change in the sponsor's address within 30 days of the change by filing a Form I-865. *See* **Exhibit, 2**, p. 8.

**Morgan & Cesanelli Law**
1051 Pemberton Hill Road, 102 Apex, NC 27502
P: (919) 923-1577 E: valeria@morgancesanelli.com

35. A sponsor's duties under the Form I-864 commence when the beneficiary becomes an LPR "based on" the Form I-864. *See* Exhibit, 2, p. 8.

36. A Form I-864 sponsor must continue to perform under the contract until the occurrence of one of five events (collectively "the Terminating Events") set forth in the contract. *See* Exhibit, 2, p. 6.

37. The sponsor's obligation under the Form I-864 conclude once the beneficiary becomes a U.S. citizen (the "First Terminating Event"). *See* Exhibit, 2, p. 6.

38. The sponsor's obligation under the Form I-864 concludes once the beneficiary has worked or can receive credit for 40 quarters of work under the Social Security Act (the "Second Terminating Event"). *See* Exhibit, 2, p. 6.

39. The sponsor's obligation under the Form I-864 concludes once the beneficiary is no longer a permanent resident and has departed the U.S. (the "Third Terminating Event"). *See* Exhibit, 2, p. 6.

40. The sponsor's obligation under the Form I-864 concludes once the beneficiary is subject to an order of removal but applies for and obtains in removal proceedings a new grant of adjustment of status based on a new affidavit of support, if required (the "Forth Terminating Event"). *See* Exhibit, 2, p. 6.

41. The sponsor's obligation under the Form I-864 concludes once the beneficiary dies (the "Fifth Terminating Event"). *See* Exhibit, 2, p. 6.

42. In order to serve as a Form I-864 sponsor, an individual must demonstrate income at our above 125% of the Federal Poverty Guidelines (FPG) for the individual's household size.

43. To serve as a sole Form I-864 sponsor, a visa petitioner must be able to demonstrate household income at or above 125% of the FPG.

Morgan & Cesanelli Law
1051 Pemberton Hill Road, 102 Apex, NC 27502
P: (919) 923-1577 E:valeria@morgancesanelli.com

44. If the income of the visa petitioner is below 125% of the FPG, the individual may demonstrate that he or she owns assets equal to at least five times the income shortfall (or three times in the case of marriage-based case). Such assets must be convertible to U.S. cash within 12 months.

45. An immigration petitioner who lacks income sufficient to serve as a Form I-864 sponsor may obtain the assistance of an additional individual who agrees to serve as a "joint sponsor" by executing and filing an additional Form I-864, Affidavit of Support.

46. By signing the Form I-864, the joint sponsor agrees to perform the same obligations as the primary sponsor.

47. By signing the Form I-864 a joint sponsor is jointly and severally liable to the Form I-864 beneficiary, as between the primary and joint sponsor.

48. If the Government determines that the visa petitioner lacks sufficient income and assets to serve as a sole Form I-864 sponsor, the individual will be issued with a notice describing the financial deficiency and notifying the individual of the possibility of submitting an additional Form I-864 signed by a joint sponsor.

49. If the underlying family-based immigration case is permitted to proceed without a joint sponsor, this demonstrates the Government's determination that the visa petitioner has the ability to maintain household income, including the intending immigrant, at a level at least 125% FPG.

**Facts concerning Plaintiff's claims.**

50. Both Defendants are citizens of the United States of America.

51. Plaintiff is a citizen of Nigeria and a lawful permanent resident (LPR) of the United States.

Morgan & Cesanelli Law
1051 Pemberton Hill Road, 102 Apex, NC 27502
P: (919) 923-1577 E:valeria@morgancesanelli.com

52. While Plaintiff was residing in Nigeria, he became engaged to marry Ms. Asilonu.

53. Ms. Asilonu thereafter elected to prepare and file with U.S. Citizenship and Immigration Services (USCIS) a Form I-129F, Petition for Alien Fiancé(e).

54. By filing the Form I-129F petition, Ms. Asilonu initiated the legal process of serving as Plaintiff's immigration petitioner, the end goal of which was to secure LPR status for Plaintiff.

55. Ms. Asilonu's Form I-129F petition was accepted by USCIS and assigned receipt number SRC-14-903-35924.

56. USCIS subsequently approved Ms. Asilonu's Form I-129F petition.

57. Based on the approved Form I-129F petition, Plaintiff thereafter applied for a "K-1" visa as Ms. Asilonu's fiancé.

58. The U.S. Consulate in Lagos, Nigeria, approved Plaintiff's visa application on November 4, 2015 (visa number 20152809060001).

59. Plaintiff thereafter entered the United States on his K-1 visa on December 6, 2015. U.S. Customs and Border Protection assigned Plaintiff the Form I-94 arrival record number of 00178977485 for this lawfully inspected entry.

60. Under U.S. law, Plaintiff had 90 days in which to lawfully marry Ms. Asilonu and file a Form I-485, Application for Permanent Residency.

61. Plaintiff and Ms. Asilonu were married on January 8, 2016.

62. Plaintiff and Ms. Asilonu subsequently retained the services of Illinois lawyer, Cyrus M. Rab (hereinafter "Mr. Rab"), to assist with the adjustment of status process.

63. Mr. Rab also served as Ms. Okeiyi's lawyer, the scope of his representation extending at least to preparation of two Forms I-864 for her signature.

Morgan & Cesanelli Law
1051 Pemberton Hill Road, 102 Apex, NC 27502
P: (919) 923-1577 E:valeria@morgancesanelli.com

64. On April 14, 2016, Ms. Asilonu executed a Form I-864 prepared for her by Mr. Rab. See Exhibit 2 (the Primary Form I-864).

65. Mr. Rab prepared the Primary Form I-864 in the course of serving as Ms. Asilonu's lawyer. The Primary I-864 listed Plaintiff as the intending immigrant beneficiary.

66. Due to Ms. Asilonu's financial situation at the time, she did not meet the legal requirements to serve as Plaintiff's sole Form I-864 financial sponsor.

67. On April 11, 2016, Ms. Okeiyi signed an additional Form I-864, drafted for her signature by Mr. Rab (hereinafter "the First Joint Sponsor Form I-864"). See **Exhibit 3**.

68. Mr. Rab prepared the First Joint Sponsor Form I-864 in the course of serving as Ms. Okeiyi's lawyer. The First Joint Sponsor Form I-864 listed Plaintiff as the intending immigrant beneficiary.

69. On April 11, 2016, Plaintiff signed a Form I-485, Application for Permanent Residency prepared for him by Mr. Rab. See **Exhibit 4**.

70. On or about May 2, 2016, Mr. Rab mailed a packet to USCIS Chicago Lockbox located at PO Box 805887, Chicago, IL 60680-4120. The packet contained, among other supporting items, Plaintiff's Form I-485 application for residency, the Primary Form I-864 and the First Joint Sponsor Form I-864. See **Exhibit 5**.

71. USCIS received Plaintiff's Form I-485 application on May 11, 2016, and assigned it case number MSC1691004544. See **Exhibit 6**.

72. Upon information and belief, Mr. Rab subsequently became aware of deficiencies in the First Joint Sponsor Form I-864.

73. Mr. Rab thereafter prepared a second joint sponsor Form I-864 for Ms. Okeiyi (hereinafter "the Second Joint Sponsor Form I-864"). Mr. Rab prepared the

Second Joint Sponsor Form I-864 in the course of serving as Ms. Okeiyi's lawyer. See **Exhibit 7**.

74. On July 14, 2016, Ms. Okeiyi signed the Second Joint Sponsor Form I-864. The Second Joint Sponsor Form I-864 was later filed with USCIS in support of Plaintiff's residency application.

75. USCIS approved Plaintiff's Form I-485 application for permanent residency on September 22, 2016. *See* **Exhibit 8**.

76. Each of Defendants' support duties under their respective Forms I-864 was subject to the condition precedent that Plaintiff gain status as a Lawful Permanent Resident ("LPR") based on the contract signed by each respective Defendant.

77. Plaintiff gained status as an LPR on September 22, 2016, when his Form I-485 application was granted by USCIS. *See* **Exhibit 1**.

78. Plaintiff's LPR status was "based on" the Primary Form I-864. Because Ms. Asilonu's Form I-129F petitioner – Plaintiff's residency application could not lawfully have been granted but for the presence of the Primary Form I-864.

79. Plaintiff's LPR status was "based on" the Second Joint Sponsor I-864 because – as Ms. Asilonu did not meet the financial requirements to serve as Plaintiff's sole financial sponsor – Plaintiff's residency application could not lawfully have been granted but for the presence of the Second Joint Sponsor I-864.

80. None of the Terminating Events set forth in Form I-864 have yet occurred.

81. The First Terminating Event has not occurred because Plaintiff has not become a U.S. citizen.

82. The Second Terminating Event has not occurred because Plaintiff has not worked, nor can receive credit for, 40 quarters of work under the Social Security Act.

Morgan & Cesanelli Law
1051 Pemberton Hill Road, 102 Apex, NC 27502
P: (919) 923-1577 E:valeria@morgancesanelli.com

83. The Third Terminating Event has not occurred because Plaintiff has not ceased to hold status as a permanent resident and thereafter departed the U.S.

84. The Forth Terminating Event has not occurred because Plaintiff is not subject to an order of removal and has not thereafter applied for and obtained in removal proceedings a new grant of adjustment of status based on a new affidavit of support, if required.

85. The Fifth Terminating Event has not occurred because Plaintiff is alive.

86. Plaintiff executed a Form I-751, Petition to Remove Conditions on Residence, which he filed with USCIS.

87. USCIS received Plaintiff's Form I-751 petition on June 5, 2018. **Exhibit 9** (receipt for Form I-751).

88. On June 21, 2018, USCIS issued a notice to Plaintiff, advising him that his conditional residence status was extended 18 months from the expiration date of his Form I-551, Permanent Resident Card. **Exhibit 9**, p. 1.

89. Plaintiff's Form I-751 remains pending with USCIS.

90. Even if Plaintiff's Form I-751 is denied or rejected by USCIS, Plaintiff remains entitled to support under the Primary Form I-864 and Second Joint Sponsor Form I-864 until the occurrence of a Terminating Event.

91. In the year 2017, Plaintiff's annual income was below 125% FPG.

92. In the year 2018, Plaintiff's annual income was below 125% FPG.

93. To date in the year 2019, Plaintiff's income has been below 125% FPG.

94. Ms. Asilonu has failed to provide Plaintiff with financial support as required under the Primary Form I-864.

95. Ms. Okeiyi has failed to provide Plaintiff with financial support as required under the Second Joint Sponsor Form I-864s.

Morgan & Cesanelli Law
1051 Pemberton Hill Road, 102 Apex, NC 27502
P: (919) 923-1577 E:valeria@morgancesanelli.com

96. Under the terms of the Form I-864 contracts, and under federal law, Ms. Asilonu and Ms. Okeiyi have joint and several liability with respect to their duty of support to Plaintiff.

97. Plaintiff has no legal obligation to request the Defendants' voluntary compliance with the Form I-864 support obligation prior to commencing this enforcement action.

98. Plaintiff has requested that Ms. Asilonu voluntarily comply with her support obligation under the Form I-864.

99. Ms. Asilonu has refused to voluntarily comply with her support obligation under the Primary Form I-864.

100. Plaintiff has requested that Ms. Okeiyi voluntarily comply with her support obligation under the Second Joint Sponsor Form I-864.

101. Ms. Okeiyi has refused to voluntarily comply with her support obligation under the Second Joint Sponsor Form I-864.

## VI. CLAIMS FOR RELIEF

### 1 - Breach of contract by Defendant Blessing Asilonu.

102. Plaintiff re-alleges and incorporates all paragraphs above as though fully stated herein.

103. By executing the Primary Form I-864, Ms. Asilonu entered into an express written contract with the United States Government.

104. Plaintiff is a third-party beneficiary of the Primary Form I-864.

105. Plaintiff has standing as third-party to enforce his rights under the Primary Form I-864.

Morgan & Cesanelli Law
1051 Pemberton Hill Road, 102 Apex, NC 27502
P: (919) 923-1577 E:valeria@morgancesanelli.com

106. Under the express terms of the Primary Form I-864, Ms. Asilonu agreed to provide Plaintiff with any support necessary to maintain him at an income that is at least 125 percent of the Federal Poverty Guidelines for his household size.

107. Ms. Asilonu's legal responsibility to provide income support commenced on September 22, 2016, when Plaintiff became a lawful permanent resident of the United States.

108. All conditions precedent to Ms. Asilonu's duty to perform on the Primary Form I-864 were fulfilled as of September 22, 2016.

109. Ms. Asilonu has breached the Primary Form I-864 by failing to provide income support to Plaintiff.

110. As a result of Ms. Asilonu breach, Plaintiff has suffered damages in an amount to be determined at trial.

## 2 - Breach of contract by Defendant Esther Okeiyi.

111. Plaintiff re-alleges and incorporates all paragraphs above as though fully stated herein.

112. By executing the Second Joint Sponsor Form I-864, Ms. Okeiyi entered into an express written contract with the United States Government.

113. Plaintiff is a third-party beneficiary of the Second Joint Sponsor Form I-864.

114. Plaintiff has standing as third-party to enforce his rights under the Second Joint Sponsor Form I-864.

115. Under the express terms of the Second Joint Sponsor Form I-864, Ms. Okeiyi agreed to provide Plaintiff with any support necessary to maintain him at an income that is at least 125 percent of the Federal Poverty Guidelines for his household size.

Morgan & Cesanelli Law
1051 Pemberton Hill Road, 102 Apex, NC 27502
P: (919) 923-1577 E:valeria@morgancesanelli.com

116. Ms. Okeiyi's legal responsibility to provide income support commenced on September 22, 2016, when Plaintiff became a lawful permanent resident of the United States.

117. All conditions precedent to Ms. Okeiyi's duty to perform on the Second Joint Sponsor Form I-864 were fulfilled as of September 22, 2016.

118. Ms. Okeiyi has breached the Second Joint Sponsor Form I-864 by failing to provide income support to Plaintiff.

119. As a result of Ms. Okeiyi's breach, Plaintiff has suffered damages in an amount to be determined at trial.

## VII. REQUEST FOR RELIEF

Plaintiff requests the following relief from the Court:

A. Entry of judgment against Defendants and in favor of Plaintiff on each and every cause of action asserted herein;

B. An award of actual damages in an amount equivalent to 125% of the Federal Poverty Guidelines for Plaintiff's household for the period from September 22, 2016, to the date on which judgment issues;

C. A declaration that Plaintiff is entitled to continued receipt of financial support from Defendants in the amount of 125% the Federal Poverty Guidelines for his household size, less actual income, until the occurrence of one of the Terminating Events;

D. An order of specific performance, requiring Defendants to make monthly payments to Plaintiff for the amount set forth in Paragraph C above, until such time as a Terminating Event occurs;

E. An award of all Plaintiff's attorney fees;

F. An award of all Plaintiff's costs;

Morgan & Cesanelli Law
1051 Pemberton Hill Road, 102 Apex, NC 27502
P: (919) 923-1577 E:valeria@morgancesanelli.com

G. The right to amend this complaint to conform to the evidence presented at trial; and

H. Such other and further relief in Plaintiff's favor as the Court may deem just and equitable under the circumstances.

DATED: November 8, 2019,

| MORGAN & CESANELLI LAW | IMMIGRATION SUPPORT ADVOCATES |
|---|---|
| By: */s/Valeria Cesanelli*<br>Valeria Cesanelli<br>SBN 45735<br>1051 Pemberton Hill Road, Suite 102<br>Apex, NC 27502<br><br>Telephone: (919) 923-1577<br>valeria@morgancesanelli.com | By: */s/Greg McLawsen*<br>Greg McLawsen<br>Wash. State Bar #41870<br>*Pro Hac Vice Application Impending*<br><br>Mailing address:<br>113 Cherry Street, ECM# 45921<br>Seattle, WA 98104-2205<br><br>Physical office:<br>724 South Yakima Ave.<br>Suite 100<br>Tacoma, WA 98405<br><br>Tel. (844) 557-3646<br>greg@i-864.net |

*Attorneys for Plaintiff Anoruo Asilonu*

## Table of Exhibits

*The following table is provided for ease of reference only and does not constitute additional allegations for purpose of this Complaint.*

| Exhibit | Description |
|---------|-------------|
| 1 | Form I-551, U.S. Permanent Resident card |
| 2 | Primary Form I-864, Affidavit of Support |
| 3 | First Joint Sponsor Form I-864, Affidavit of Support |
| 4 | Form I-485, Application for Lawful Permanent Residence |
| 5 | Second Joint Sponsor Form I-864, Affidavit of Support |
| 6 | Cover letter from adjustment of status application |
| 7 | Form I-485 receipt notice |
| 8 | Form I-485 approval notice |
| 9 | Form I-751 receipt notice |