# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# 1.19-CV-01122-NCT-LPA

| | |
|---|---|
| ANORUO U. ASILONU, an individual, | ) |
| Plaintiff, | ) ) ) |
| v. | ) DEFENDANT ESTHER ) OKEIYI'S ANSWER AND ) MOTION TO DISMISS |
| BLESSING ASILONU, an individual, and ESTER OKEIYI, an individual and her marital community, | ) ) ) ) JURY DEMAND |
| Defendants. | ) ) ) |

## DEFENDANT ESTHER OKEIYI'S ANSWER AND MOTION TO DISMISS

COMES NOW Defendant Esther Okeiyi, individually and on half of her marriage community ("Defendant Okeiyi"), by and through her attorney, Jocelyn Davis Singletary, and answers Plaintiff's Complaint ("Complaint") as follows:

### AFFIRMATIVE DEFENSES AND MOTION TO DISMISS

### FIRST DEFENSE

Defendant Okeiyi alleges and states that this action should be dismissed, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

As an additional defense, without waiving any other defenses asserted herein, Defendant Okeiyi alleges and states that no act or alleged omission by Defendant Okeiyi

1

was the proximate cause of any harm or injury to the Plaintiff and, as such is a complete bar to Plaintiff's recovery.

## THIRD DEFENSE
## DEFENDANT ACTED IN GOOD FAITH

As an additional defense, without waiving any other defenses asserted herein, Defendant Okeiyi alleges and states that she has complied in good faith with all applicable laws and regulations in its dealings with the Plaintiff and alluded to in Plaintiff's Complaint and, having so complied, such conduct is pled as a defense to the Plaintiff's claims in this action.

## FOURTH DEFENSE
## OFFSET

As an additional defense, without waiving any other defenses asserted herein, Defendant Okeiyi alleges and states that she has suffered damage by reason Plaintiff's conduct; that she has the right of offset if any amount of money is owed to Plaintiffs by way of damage.

## FIFTH DEFENSE
## EQUITABLE ESTOPPEL

As an additional defense, without waiving any other defenses asserted herein, Defendant Okeiyi alleges and states that the Plaintiff herein, and each and every Cause of Action contained in the Complaint, is barred by reason of acts, omissions, representation and courses of conduct by Plaintiff , which led to Plaintiff to rely to his detriment, thereby barring, under the doctrine of equitable estoppel, any Causes of Action assessed by the Plaintiff.

## SIXTH DEFENSE
## UNCLEAN HANDS

2

As an additional defense, without waiving any other defenses asserted herein, Defendant Okeiyi alleges and states that Plaintiff has no grounds to obtain relief because he has acted unethically or in bad faith with respect to the subject of the complaint.

## SEVENTH DEFENSE

## FRAUD

As an additional defense, without waiving any other defenses asserted herein, Defendant Okeiyi alleges and states that Plaintiff has no grounds to obtain relief because Plaintiff never intended to have a valid marriage in the United States, inter alia, Plaintiff solely sought means to enter in the United States. Defendant Okeiyi would never have signed the I-864 Documents had she known that Plaintiff did not intend to enter into a valid marital relationship. Defendant Okeiyi alleges and states that the alleged I-864 Documents, or any other purported contract or agreement, is rescindable and/or has been rescinded for fraud in the inducement.

## EIGHTH DEFENSE

## NEGLIGENCE

As an additional defense, without waiving any other defenses asserted herein, Defendant Okeiyi alleges and states that negligence on the part of the Plaintiff, either active or passive negligence, contributed to his damages as such is a complete bar to his recovery.

## NINTH DEFENSE

As an additional defense, without waiving any other defenses asserted herein, Defendant Okeiyi alleges and states that Plaintiff has, and currently does, receive income from his family, friends and other activities such that he generates and/or received monies in excess of the one hundred twenty five percent (125%) of the Federal Poverty Guidelines and all damages Plaintiff claims should be offset for all financial support from his family, friends, and other activities of the Plaintiff.

3

## TENTH DEFENSE

Defendant Okeiyi reserves the right to assert other affirmative defenses as they become known through the course of this lawsuit.

## ELEVENTH DEFENSE AND ANSWER

In response to the specific allegations of the Plaintiff's Complaint, and without waiving any other defenses asserted herein, Defendant Okeiyi states in response to the consecutively numbered paragraphs and specific allegations of the Plaintiff's Complaint as follows:

1. This paragraph is a summary of the Plaintiff's cause of action and therefore no response is required. To the extent that a response is required, Defendant admits this is a lawsuit for immigration financial support under the Form I-864.

2. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

3. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

4. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

5. Admit.

6. Deny.

7. This paragraph is a summary of the Plaintiff's cause of action and therefore no response is required.

8. Defendant Okeiyi lacks information as to the Plaintiff's current citizenship and immigration status and therefore denies.

9. Defendant Okeiyi lacks information as to Plaintiff's residence and therefore denies.

10. Admit.

11. Admit that Defendant Blessing Asilonu ("Defendant Asilonu") served as Plaintiff's sponsor under a Form I-864, Affidavit of Support. Deny that Defendant Asilonu contractually promised to provide a specified level of income to Plaintiff.

12. Deny. On information and belief, Defendant Asilonu currently resides in Gainesville, Florida.

13. Admit.

14. Admit that Defendant Okeiyi served as Plaintiff's cosponsor and signed an additional Form I-864, Affidavit of Support. Deny that Defendant Okeiyi contractually promised to provide a specified level of income to Plaintiff.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. This paragraph contains a historical statement with no context and therefore no answer is required.

21. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

22. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

23. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

24. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

25. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

26. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

27. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

28. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

29. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

30. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

31. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

32. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

33. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

34. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

35. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

36. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

37. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

38. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

39. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

40. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

41. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

42. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

43. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

44. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

45. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

46. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

47. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

48. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

49. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

50. Admit.

51. Defendant Okeiyi lacks information as to the Plaintiff's current citizenship and immigration status and therefore denies.

52. On information and belief, Defendant Okeiyi admits.

53. On information and belief, Defendant Okeiyi admits. However, the Form I-129F petition should not have been submitted due to Plaintiff's acts and omissions before and after the fact.

54. Form I-129F, referenced in Paragraph 54, speaks for itself. Further, the Form I-129F petition should not have been submitted due to Plaintiff's acts and omissions before and after the fact.

55. On information and belief, Defendant Okeiyi admits. However, the Form I-129F petition should not have been submitted due to Plaintiff's acts and omissions before and after the fact.

56. On information and belief, Defendant Okeiyi admits. However, the Form I-129F petition should not have been submitted due to Plaintiff's acts and omissions before and after the fact.

57. On information and belief, Defendant Okeiyi admits. However, the Form I-129F petition should not have been submitted and the K-1 visa not issued due to Plaintiff's acts and omissions before and after the fact.

58. On information and belief, Defendant Okeiyi admits. However, the K-1 visa should not have been issued due to Plaintiff's acts and omissions before and after the fact.

59. On information and belief, Defendant Okeiyi admits. However, the K-1 visa should not have been issued due to Plaintiff's acts and omissions before and after the fact.

60. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

61. On information and belief, Defendant Okeiyi admits. However, the marriage should not have taken place due to Plaintiff's acts and omissions before and after the fact.

62. On information and belief, Defendant Okeiyi admits.

63. Defendant Okeiyi admits. However, the Form I-864 should not have been submitted due to Plaintiff's acts and omissions before and after the fact.

64. On information and belief, Defendant Okeiyi admits. However, the Form I-864 should not have been submitted due to Plaintiff's acts and omissions before and after the fact.

65. Defendant Okeiyi admits. However, the Form I-864 should not have been submitted due to Plaintiff's acts and omissions before and after the fact.

66. On information and belief, Defendant Okeiyi admits.

67. Defendant Okeiyi admits. However, the Form I-864 should not have been submitted due to Plaintiff's acts and omissions before and after the fact.

68. On information and belief, Defendant Okeiyi admits. However, the Form I-864 should not have been submitted due to Plaintiff's acts and omissions before and after the fact.

69. On information and belief, Defendant Okeiyi admits.

70. On information and belief, Defendant Okeiyi admits. However, the Form I-864 should not have been submitted due to Plaintiff's acts and omissions before and after the fact.

71. On information and belief, Defendant Okeiyi admits.

72. On information and belief, Defendant Okeiyi admits.

73. On information and belief, Defendant Okeiyi admits. However, the Form I-864 should not have been submitted due to Plaintiff's acts and omissions before and after the fact.

74. Defendant Okeiyi admits. However, the Form I-864 should not have been submitted due to Plaintiff's acts and omissions before and after the fact.

75. On information and belief, Defendant Okeiyi admits. However, the Form I-485 should not have been approved due to Plaintiff's acts and omissions before and after the fact.

76. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

77. On information and belief, Defendant Okeiyi admits. However, the Form I-485 should not have been approved due to Plaintiff's acts and omissions before and after the fact.

78. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

79. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

80. Defendant Okeiyi lacks necessary information to answer this assertion and therefore denies.

81. Defendant Okeiyi lacks information as to the Plaintiff's current citizenship and immigration status and therefore denies.

82. Defendant Okeiyi lacks information as to the amount of work credits the Plaintiff has earned and therefore denies.

83. Defendant Okeiyi lacks information as to the Plaintiff's current citizenship and immigration status and therefore denies.

84. Defendant Okeiyi lacks information as to the Plaintiff's current citizenship and immigration status and therefore denies.

85. On information and belief, Defendant Okeiyi admits.

86. Defendant Okeiyi lacks information as to the Plaintiff's current citizenship and immigration status and therefore denies.

87. Defendant Okeiyi lacks information as to the Plaintiff's current citizenship and immigration status and therefore denies.

88. Defendant Okeiyi lacks information as to the Plaintiff's current citizenship and immigration status and therefore denies.

89. Defendant Okeiyi lacks information as to the Plaintiff's current citizenship and immigration status and therefore denies.

90. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required. As to support Plaintiff is entitled to under the Forms I-864, the forms should not have been submitted due to Plaintiff's acts and omissions before and after the fact.

91. Defendant Okeiyi lacks information as to the Plaintiff's income, past and present, and therefore denies.

92. Defendant Okeiyi lacks information as to the Plaintiff's income, past and present, and therefore denies.

93. Defendant Okeiyi lacks information as to the Plaintiff's income, past and present, and therefore denies.

94. On information and belief, Defendant Okeiyi denies. Furthermore, the Form I-864should not have been submitted due to Plaintiff's acts and omissions before and after the fact.

95. Defendant Okeiyi denies. Furthermore, the Form I-864should not have been submitted due to Plaintiff's acts and omissions before and after the fact.

96. Defendant Okeiyi denies. Additionally, this paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

97. This paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

98. Defendant Okeiyi lack necessary information to admit or deny, and therefore denies. However, the Form I-864 should not have been submitted due to Plaintiff's acts and omissions before and after the fact.

99. Defendant Okeiyi lack necessary information to admit or deny, and therefore denies However, the Form I-864 should not have been submitted due to Plaintiff's acts and omissions before and after the fact.

100. Defendant Okeiyi admits. However, the Form I-864 should not have been submitted due to Plaintiff's acts and omissions before and after the fact.

101. Defendant Okeiyi denies. However, the Form I-864 should not have been submitted due to Plaintiff's acts and omissions before and after the fact.

102. Defendant Okeiyi hereby incorporates by reference her responses in paragraphs 1-101 above.

103. The Primary Sponsor I-864 Document terms referenced in the paragraph speak for themselves. Additionally, this paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

104. The Primary Sponsor I-864 Document terms referenced in the paragraph speak for themselves. Additionally, this paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

105. The Primary Sponsor I-864 Document terms referenced in the paragraph speak for themselves. Additionally, this paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

106. The Primary Sponsor I-864 Document terms referenced in the paragraph speak for themselves. Additionally, this paragraph contains a legal conclusion about a federal statute and therefore no answer is required. Furthermore, on information and belief, Defendant Okeiyi denies Defendant Asilonu contractually promised to provide a specified level of income to Plaintiff.

107. The Primary Sponsor I-864 Document terms referenced in the paragraph speak for themselves. Additionally, this paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

108. The Primary Sponsor I-864 Document terms referenced in the paragraph speak for themselves. Additionally, this paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

109. On information and belief, Defendant Okeiyi denies.

110. On information and belief, Defendant Okeiyi denies.

111. Defendant Okeiyi hereby incorporates by reference her responses in paragraphs 1-110 above.

112. The Secondary Sponsor I-864 Document terms referenced in the paragraph speak for themselves. Additionally, this paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

113. The Secondary Sponsor I-864 Document terms referenced in the paragraph speak for themselves. Additionally, this paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

114. The Secondary Sponsor I-864 Document terms referenced in the paragraph speak for themselves. Additionally, this paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

115. The Secondary Sponsor I-864 Document terms referenced in the paragraph speak for themselves. Additionally, this paragraph contains a legal conclusion about a federal statute and therefore no answer is required. Furthermore, Defendant Okeiyi denies she contractually promised to provide a specified level of income to Plaintiff.

116. The Secondary Sponsor I-864 Document terms referenced in the paragraph speak for themselves. Additionally, this paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

117. The Secondary Sponsor I-864 Document terms referenced in the paragraph speak for themselves. Additionally, this paragraph contains a legal conclusion about a federal statute and therefore no answer is required.

118. Defendant Okeiyi denies.

119. Defendant Okeiyi denies.

## VIII. DENIAL OF PLAINTIFF'S REQUEST FOR RELIEF

Defendant Okeiyi respectfully requests this Court deny all that is contained in Plaintiff's prayer for relief against Defendant Okeiyi, including but not limited to:

A) Denial of entry of judgment of judgment against Defendant Okeiyi and in favor of Plaintiff on each and every cause of action asserted herein;

B) Denial of an award of actual damages in an amount equivalent to 125% of the Federal Poverty Guidelines for Plaintiff's household for the period from September 22, 2016, to the date on which judgment issues;

C) Denial of a declaration that Plaintiff is entitled to continued receipt of financial support from Defendant Okeiyi in the amount of 125% the Federal Poverty Guidelines for his household size, less actual income, until the occurrence of one of the Terminating Events;

D) Denial of an order of specific performance, requiring Defendant Okeiyi to make monthly payments to Plaintiff for the amount set forth in Paragraph C above, until such time as a Terminating Event occurs;

E) Denial of an award of all Plaintiff's attorney fees;

F) Denial of an award of all Plaintiff's costs;

G) Denial of the right to amend filed complaint to conform to the evidence presented at trial; and

H) Denial of any other relief sought by Plaintiff.

FURTHER, Defendant Okeiyi denies each and every material allegation not heretofore controverted and demands strict proof thereof.

## IX. RESERVATION OF RIGHT TO AMEND

As this lawsuit progresses, additional factual bases and legal bases for additional

affirmative defenses, counter-claims, or claims against third parties may become known and/or viable. Defendant Okeiyi reserves the right to amend the answer at such time as the facts underlying any further affirmative defenses, counter-claims, or third-party claims are discovered.

## X. JURY DEMAND

Defendant Okeiyi requests that this case be tried by a jury of twelve.

## XI. DEFENDANT OKEIYI'S PRAYER FOR RELIEF

Defendant Okeiyi respectfully request the Court to grant the following relief:

A) Find that the Plaintiff's acts and omissions described herein existed;

B) Award judgment against Plaintiff;

C) Award Defendant Okeiyi reasonable attorney fees;

D) Award Defendant Okeiyi costs; and,

E) Award such other and further relief, as the Court may deem just and equitable.

This the 2nd day of January, 2020.

/s/ Jocelyn Davis Singletary
Jocelyn Davis Singletary
Attorney for Defendant Esther Okeiyi
NC Bar # 27389
4801 E Independence Blvd, Suite 501
Charlotte, NC 28212
Telephone: (704) 895-4449
Facsimile: (704) 895-1170
jdsingletary@singletarylawfirm.com

15

# CERTIFICATE OF SERVICE

I hereby certify that I have this day, January 02, 2020 electronically filed the foregoing **DEFENDANT ESTHER OKEIYI'S ANSWER AND MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Valeria Cesanelli
Morgan & Cesanelli Law
1051 Pemberton Hill Road
Suite 102
Apex, NC 27502
Telephone: (919) 923-1557
Email: valeria@morgancesanelli.com

Greg McLawsen
113 Cherry Street, ECM# 45921
Seattle, WA 98405-2205
Telephone: (844) 557-3646
Email: greg@i-864.net

Attorneys for Plaintiff Anoruo Asilonu


Dated: January 02, 2020

By: /s/ Jocelyn Davis Singletary
Jocelyn Davis Singletary
Attorney for Defendant Esther Okeiyi
North Carolina Bar #27389
4801 E Independence Blvd, Suite 501
Charlotte, NC 28212
Telephone: 704-895-4449
Facsimile: 704-895-1170
jdsingletary@singletarylawfirm.com