**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:19-CV-01122-NCT-LPA**

| | |
|---|---|
| SUNDAY OKEIYI, Counterclaimant )<br>)<br>and )<br>)<br>ESTHER OKEIYI, Defendant/Counterclaimant, )<br>)<br>and )<br>)<br>BLESSING ASILONU, Defendant/Counterclaimant, )<br>)<br>vs. )<br>)<br>ANORUO UGOCHINYERE ASILONU a/k/a )<br>UGOCHINYERE ANORUO a/k/a )<br>UGOCHINYERE ASILONU a/k/a )<br>ASILONU ANURUO UGOCHINYERE, )<br>)<br>Plaintiff/Defendant. )<br>) | **RESPONSE TO PLAINTIFF'S MOTION FOR ORDER OF WITHDRAWAL AND MOTION TO DISMISS DEFENDANT BLESSING ASILONU** |

COME NOW Attorneys Mary Nnene Okeiyi and Jocelyn Davis Singletary, Counsel of record for Defendant Blessing Asilonu (hereinafter "Defendant Asilonu"), in responding to Plaintiff's Motion for an Order by the Court withdrawing attorneys of record for Defendant Blessing Asilonu and Motion to Dismiss Blessing Asilonu, state as follows:

1

# FACTS

1. On April 24, 2020, Counsel filed a Motion to Appoint Ad Litem for Blessing Asilonu due to concerns observed during the course of representation.[1] In this Motion, both Attorney Singletary and Attorney Okeiyi expressed concerns related to Blessing Asilonu's impaired thinking, diminished decision-making capacity, diminished impulse control and the inability to participate in her current legal matters.

2. On April 28, 2020 Plaintiff, through counsel Greg McLawsen, filed his "NON-OPPOSITION TO MOTION TO APPOINT GUARDIAN AD LITEM FOR BLESSING ASILONU". [2]

3. Plaintiff's response to this Motion through counsel stated the following:

> *"The Plaintiff respectfully notifies the Court that **he does not oppose defense counsel's motion to appoint a guardian ad litem for defendant Blessing Asilonu ("Defendant")**. Contrary to statements in the Motion, Plaintiff most certainly **does not "dismiss or minimize" the possibility that Defendant is experiencing a mental health crisis**. Quite to the contrary, Defendant's behavior is why Plaintiff proposed, over a month ago, that the parties agree to the stipulated dismissal of Defendant Blessing Asilonu from this action. That proposal received no response aside from the motion at bar. **If the Court grants Plaintiff's pending motion to dismiss all counterclaims, Plaintiff will be prepared to move the court for an order dismissing Defendant Blessing Asilonu from this matter**.... Plaintiff's counsel obviously cannot communicate with Defendant as a represented party, **but notifies the Court that he does not object to providing Defendant with time to secure additional or alternative counsel.***
>
> ***Plaintiff aspires to simplify the progression of this litigation by dismissing Defendant Blessing Asilonu from this action.***

---

[1] Docket #62, MOTION to Appoint ad Litem (4/28/20).
[2] Docket #64, RESPONSE *in Non-Opposition* filed by Plaintiff ANORUO U. ASILONU (4/28/20).

2

***<u>So long as she remains a party, however, Plaintiff agrees that
appointment of a guardian ad litem is appropriate.</u>***

4. On June 11, 2020, Plaintiff filed his Motion for an Order by the Court withdrawing attorneys of record for Defendant Blessing Asilonu and his Motion to Dismiss Blessing Asilonu.[3]

5. Under ABA Rule 1.14, an Attorney must protect their client and should consider the appointment of a Guardian Ad Litem to protect the client's interests. Rule 1.16 states that terminating representation cannot adversely affect the client.

6. To date, Blessing Asilonu has been unable to secure substitute counsel to represent her in this matter. Due to concerns of mental incapacity, Ms. Asilonu until adjudicated by the court, is unable to represent herself as a pro se litigant.

7. To date, the Court has not granted, nor denied the Motion for the Appointment of a Guardian Ad Litem for Blessing Asilonu. This matter remains unresolved and is pending ruling.

8. On July 1, 2020, Attorney for Plaintiff circulated an email which informed counsel that Anoruo Asilonu *"has been able to secure employment, and that his new position will begin July 13, 2020. Since his position will be significantly in excess of 125% FPG, this will effectively terminate Dr. Okeiyi's support obligation, at least so long as our client remains employed."*[4] **See Exhibit A.** The Court is reminded that matters as to

---

[3] Dkt #81, MOTION Order Compelling Withdrawal of Attorneys Jocelyn Singletary and Mary Okeiyi by ANORUO U. ASILONU; Dkt #82, MOTION to Dismiss *Defendant Blessing Asilonu* by ANORUO U. ASILONU. (6/11/20)
[4] Email from Plaintiff's Attorney Greg McLawsen dated July 1, 2020.

Defendants Counterclaims (and all of them) remain pending. Without the ability to adjudicate these current matters, Defendants claims would be barred at a future date.

9. Counsel of Record for Dr. Esther Okeiyi, Dr. Blessing Asilonu, and Dr. Sunday Okeiyi responded to this email on July 2, 2020. **See Exhibit B.**

## LEGAL ARGUMENT

I. MENTAL INCAPACITY.

"Courts have held that mental incompetency … must have actually prevented [a party] from understanding his legal rights and acting on them."[5] This Court has also held that "an 'incompetent adult' is defined as 'an adult or emancipated minor who lacks sufficient capacity to manage his own affairs or to make or communicate important decisions concerning his person, family, or property whether such lack of capacity is due to mental illness, mental retardation … or similar cause or condition.' § 35A-1101(7)."[6]

Contrary to the *objective* incapacity of a minor under the law based on the fact of age, mental incapacity of an adult person is based purely on *subjective* attributes. When a party is of full age, ordinarily, the objective test of intent holds a party accountable for manifested assent under contract law. The law does not provide an excuse for persons of those who are misguided, "strange", or "below average intelligence".[7]

The public policy of protecting persons who have mental incapacity, places limits on objectivity. If a party suffers from a mental or physical disability so severe to preclude

---

[5] *Anderson v. Pruitt,* No. 1:10CV553, 2011 U.S. Dist. LEXIS 156351, at *1-2 (M.D.N.C. Sep. 12, 2011).
[6] *Moore by & Through Moore v. GMC,* No. 6:95CV00383, 1996 U.S. Dist. LEXIS 16089, at *8 (M.D.N.C. Sep. 12, 1996).
[7] In re D.S., 245 N.C. App. 130, 781 S.E.2d 717 (2016).

them from the requisite contractual intent, that party – either jointly or severally, cannot and should not be held to any contractual agreement. Mental incompetence is determined at *the time of contracting.* If it can be proved to have existed at the time of contracting, it is a basis for avoidance of the duties of the contract, even if the condition was temporary or since has been cured. When a person has been declared incompetent by a court and a guardian has been appointed, the fact of incapacity is clear. However, when there has been no adjudication of incapacity prior to contracting, evidence and testimony serves as demonstration that the mental incapacity existed or likely existed/exists.

The North Carolina Supreme Court has held that "when a contract with a [mentally incapacitated] person is executed and completed, and is fair and made in good faith, without notice of mental incapacity, and the parties cannot again be put in status quo, such contract is valid and enforceable.[8] **However, when mental incapacity is shown, the burden is so far shifted that the agreement will be set aside unless the party claiming under the contract, by proper proof, establishes the fact that he was ignorant of the mental incapacity, and had no notice thereof which would put a reasonably prudent person upon inquiry, and that no unfair advantage was taken, and that the insane person is not able to restore the consideration or to make adequate compensation therefor."[9]** Counsel for Plaintiff even stated in his non-opposition to the Motion for a Guardian Ad Litem for Blessing Asilonu, that "***Plaintiff aspires to simplify the progression of this litigation by dismissing Defendant Blessing Asilonu from this***

---

[8] Wadford v. Gillette, 193 N.C. 413, 419, 137 S.E. 314, 317 (1927).
[9] *Id.*

***action. So long as she remains a party, however, Plaintiff agrees that appointment of a guardian ad litem is appropriate."***

Throughout this litigation, Plaintiff through Counsel has attempted to serve as the Judge, Jury and Attorney – even going so far as to file documents on Blessing Asilonu's behalf with the Court, explaining legal rules (incorrectly) to opposing counsel, and now filing a Motion to Compel the withdrawal of a Defendant's counsel of record where concerns related to her mental capacity has been raised. In short, Plaintiff's counsel, with an established knowledge of a great likelihood of Defendant Blessing Asilonu's mental incapacity, attempts to stipulate for a dismissal from this case that Ms. Asilonu withdraw her counterclaims. Her counterclaims would be barred at a later time for her to bring. This behavior is not only unethical, but is also not in the interest of justice or fairness under the law.

When the mental capacity of an adult is concerned, the presumption is in favor of capacity, unless some behavior or other circumstances signals a problem. As a result, Plaintiff's knowledge or reason to know of the incapacity is an important factor when mental incompetence is claimed. Notwithstanding, Plaintiff Anoruo Asilonu is a trained physician in his home country of Nigeria and proudly shares this information to the public and the world. Certainly a trained physician has knowledge of signs and symptoms of mental incapacity. Forms of mental incapacity may produce behavioral symptoms that are readily observable, leading to an easy conclusion that Mr. Asilonu knew or should have realized that he was contracting with a person with a mental incapacity. Mr. Asilonu lived with Blessing Asilonu for years in Nigeria and was present for the loss and miscarriages of

her children - prior to her return to America and with her family. He even mentions concerns related to Ms. Asilonu's capacity in December of 2013. ***See Exhibit C.***

Recently, Ms. Asilonu has sent various non-privileged correspondence to Plaintiff's attorney Mr. McLawsen. These emails have varied between her wish to be dismissed from the case, to the reversal of this desire by stating she wished to have her claims heard in court, to claims against the Navy. From Ms. Asilonu's conduct, the concerns remain the same from her counsel of record that Ms. Asilonu is unable to understand the nature and consequences of her actions or transactions. Therefore, it would be unconscionable for Plaintiff or his attorneys to attempt to allow Blessing Asilonu to sign any documentation related to the withdrawal of her rights or claims when justice may not be in her favor. A determination of her capacity may render her the necessity to have a Guardian Ad Litem appointed by this court pursuant to Local Rule 17.1.[10] Under LR 17.1 minors and incompetent persons may sue or defend only by their general or testamentary guardians within this state or by guardians ad litem appointed by this Court.

The test for mental incapacity can fall under signs or symptoms where a persons judgment, self-control, and motivation lacks the ability to assent and impairs a party's ability to transact in a reasonable manner. This test, commonly referred to as the motivational, affective, or volitional test is grounds for avoidance if Anoruo Asilonu had reason to know of Blessing Asilonu's condition. The attached email from December of

---

[10] Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina.

2013, to Dr. Sunday Okeiyi and Dr. Esther Okeiyi (among others) leads counsel to believe he did. ***See Exhibit C.***

II.  THE COURT HAS NOT RESOLVED OR ADDRESSED COUNSEL'S CONCERNS REGARDING MS. ASILONU'S MENTAL INCAPACITY WHICH IS A DEFINING ISSUE IN THIS CASE, AND RELATES TO BLESSING ASILONU'S DISMISSAL, WITHDRAWAL OF BLESSING ASILONU'S ATTORNEYS OF RECORD, AND TO THE MATTER OF FUTURE ENFORECEMENT OF THE I-864.

Pursuant to Local Rule 17.1(c)(1) "[n]o civil action or proceeding in which a minor or incompetent person is a party may be compromised, settled, dismissed, or otherwise terminated without the approval of the Court." Both attorneys of record, Attorney Singletary and Attorney Okeiyi are concerned about the ethical issues regarding Blessing Asilony's mental capacity required to properly adjudicate the issues relevant to this case, her mental capacity required to appreciate the risk and consequences of her actions, and the ability under the law, to effectively represent her as a result thereof. Additionally, pursuant to LR 83.1(e) leave of Court is required to withdraw under the circumstances.

Withdrawal of counsel is also governed under the rules as set forth by the North Carolina Rules of Professional Conduct, specifically Rule 1.16. Under North Carolina Rule 1.16 of Professional Conduct, "[6] [i]f the client has severely diminished capacity, the client may lack the legal capacity to discharge the lawyer, and in any event the discharge may be seriously adverse to the client's interests. The lawyer should make special effort to help the client consider the consequences and may take reasonably necessary protective action as provided in Rule 1.14." In addition, under North Carolina Rule 1.16 of Professional Conduct, a lawyer may withdraw from representing a client if:

8

(1) withdrawal can be accomplished without material adverse effect on the interests of the client; or (2) the client knowingly and freely assents to the termination of the representation; or (3) the representation will result in an unreasonable financial burden or the lawyer or has been rendered unreasonably difficult by the client; or other good cause for withdrawal exists.

Given the complex record and legal issues in this case, withdrawal cannot be accomplished without a material adverse effect on the interests of Defendant Blessing Asilonu.[11] There are pending Motions filed by all parties, concerns that have been raised related to Blessing Asilonu's mental capacity, and Plaintiff's attorney is attempting to take advantage of concerns he is aware of and have been exhibited to him through Blessing Asilonu's non-privileged emails. **Exhibits D, E, F.** Additionally, Plaintiff's counsel has already asserted through previous filings with the court that he does not oppose a Guardian Ad Litem in this case for Ms. Asilonu, due to behavior that he has observed and referenced himself.[12] Therefore, how can Plaintiff's Counsel in good faith and in practice of professional ethics and morality, attempt to recognize concerns related to Ms. Asilonu's capacity, attempt to Compel withdrawal of Ms. Asilonu's attorneys of record without substitution of a new attorney or Guardian Ad Litem, then allow for her dismissal upon the stipulation that she dismiss her counterclaims - which will be barred in the future?

At this juncture, if Counsel of record for Ms. Asilonu were to withdraw given allegations of Plaintiff's fraudulent and manipulative behavior, as well as, Plaintiff's

---

[11] *Spann v. N.C. Dep't of Pub. Safety,* No. 1:17 cv 104, 2017 U.S. Dist. LEXIS 200732, at *2-4 (W.D.N.C. Dec. 6, 2017).
[12] Docket #64, RESPONSE *in Non-Opposition* filed by Plaintiff ANORUO U. ASILONU (4/28/20).

Counsel's attempt to play Judge, Attorney and Jury --- there would be a high likelihood of a material adverse effect on Ms. Asilonu's interests. The Court is likely aware of the obvious harm that manipulation of a debilitated party creates.

## CONCLUSION

In conclusion, Attorneys Singletary and Attorney Okeiyi continue to have concerns regarding Defendant Asilonu's mental and diminished capacity, and as a result, Plaintiff's Motion to Compel the Withdrawal of Blessing Asilonu's current attorneys of record should be denied, until the substitution of Counsel or a Guardian Ad Litem has been assigned to this matter on behalf of Blessing Asilonu. Additionally, a Motion to Dismiss if granted Blessing Asilonu should be appropriately stipulated to protect the interests related to equitable tolling of any counterclaims of a Defendant where concerns related to capacity have been raised and/or a Motion to Dismiss if granted should be granted with prejudice.

This the 2nd day of July, 2020.

/s/ Mary Nnene Okeiyi
Mary Nnene Okeiyi
mary.n.okeiyi@gmail.com
Cell: (312) 925-8283

/s/ Jocelyn Davis Singletary
Jocelyn Davis Singletary
The Singletary Law Firm, PLLC
jdsingletary@singletarylawfirm.com
Telephone: (704) 895-4449

<u>Local Mailing Address</u>
4801 E Independence Blvd
Suite 501
Charlotte, NC 28212

10

Telephone: 704-895-4449
Facsimile: 704-895-1170

***Attorneys of Record for***
***BLESSING ASILONU***

# CERTIFICATE OF SERVICE AND WORD COUNT

I declare under penalty of perjury that on July 2, 2020, I served the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record below. Additionally, pursuant to LR 7.3(d)(1), the undersigned certifies that the total word count consists of 2,522 words – and that this is a responsive brief that does not exceed 6,250 words which includes the body of the brief, headings and footnotes.

I hereby certify that on July 2, 2020, I filed the foregoing **RESPONSE TO PLAINTIFF'S MOTION FOR ORDER OF WITHDRAWAL AND MOTION TO DISMISS DEFENDNAT BLESSING ASILONU** via the Court's CM/ECF system, which will deliver a copy by electronic mail to the following parties:

Valeria Cesanelli
Morgan & Cesanelli Law
1051 Pemberton Hill Road
Suite 102
Apex, NC 27502
Telephone: (919) 923-1557
Email: valeria@morgancesanelli.com
By Electronic Mail and Electronic Filing with the CM/ECF System

Greg McLawsen
113 Cherry Street, ECM# 45921
Seattle, WA 98405-2205
Telephone: (844) 557-3646
Email: greg@i-864.net
By Electronic Mail and Electronic Filing with the CM/ECF System

*Attorneys for ANORUO UGOCHINYERE ASILONU a/k/a UGOCHINYERE ANORUO a/k/a UGOCHINYERE ASILONU a/k/a ASILONU ANURUO UGOCHINYERE*

                                          /s/ Mary Nnene Okeiyi
                                          MARY NNENE OKEIYI