# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANORUO ASILONU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:19cv1122 |
| | ) |
| BLESSING ASILONU, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on "Plaintiff's Motion to Strike Answer of Blessing Asilonu" (Docket Entry 72) (the "Motion to Strike"), the sealed response to the Text Order dated Feb. 1, 2021 (Docket Entry 92) (the "Response"), and the "Motion for Leave to File Responsive Pleading *Instanter* (Docket Entry 95) (the "Motion to Amend"). For the reasons that follow, the Court will deny the Motion to Strike, strike the Response sua sponte, and deny the Motion to Amend.[1]

---

[1] For reasons stated in <u>Deberry v. Davis</u>, No. 1:08cv582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr. 19, 2010) (unpublished), the undersigned United States Magistrate Judge will enter an order, rather than a recommendation, as to the Motion to Amend. <u>See also</u> <u>Everett v. Prison Health Servs.</u>, 412 F. App'x 604, 605 & n.2 (4th Cir. 2011) (explaining that, where the plaintiff "moved for leave to amend her complaint[] . . . to add a state-law claim of medical malpractice," "the magistrate judge denied [that] motion," and the plaintiff "timely objected, thereby preserving the issue for review by the district court," the district court "could not modify or set aside any portion of the magistrate judge's order unless the magistrate judge's decision was 'clearly erroneous or contrary to law'" (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a))). The Motion to Strike and striking of the Response also fall outside the list of matters as to which magistrate judges must enter
(continued...)

## BACKGROUND

Anoruo Asilonu (the "Plaintiff") initiated this action against Blessing Asilonu (the "Defendant")[2] and Esther Okeiyi, alleging that "[they] have failed to provide Plaintiff with the basic level of subsistence support promised in the Form I-864 contracts that they signed . . . with the federal government in support of Plaintiff's immigration case." (Docket Entry 1 (the "Complaint") at 1–2.)[3] Defendant, acting pro se, filed an unsigned answer (Docket Entry 5) (the "Unsigned Answer"), in which she asserted counterclaims against Plaintiff (see id. at 6–7).

Two months later, counsel for Defendant ("Defendant's Counsel") filed a joint "Notice of Appearance" (Docket Entry 25) on behalf of Defendant. The Court (per the undersigned United States Magistrate Judge) thereafter ordered "Defendant [] to re-file [the Unsigned] Answer [] with the signature of at least one attorney of record by [March 10, 2020]." (Text Order dated Mar. 3, 2020.) On March 10, 2020, Defendant's Counsel moved to extend that deadline, notifying the Court that Defendant had fired them on March 1, 2020,

---

1(...continued)
recommendations. See 28 U.S.C. § 636(b)(1)(A) & (B).

2 The term "Defendant" describes both Blessing Asilonu and Esther Okeiyi, but the Motion to Strike, the Response, and the Motion to Amend concern only the former, so the Court here employs the singular term to refer exclusively to Blessing Asilonu.

3 Citations herein to Docket Entry pages utilize the CM/ECF footer's pagination.

2

and citing concerns about Defendant's capacity, as well as her ability to represent herself in this matter. (Docket Entry 48 at 2.) The Court (per the undersigned) granted an extension, allowing Defendant's Counsel until April 30, 2020, to re-file the Unsigned Answer and directing Defendant's Counsel to "promptly . . . move for [court] action . . . [i]f [they] believe[d] that [such] action [wa]s required to address competency issues." (Text Order dated Mar. 15, 2020.)

On March 17, 2020, Defendant, again acting pro se, filed an amended answer and counterclaim (Docket Entry 55) (the "Amended Answer") bearing her own signature (id. at 7), as well as the words "DSK Law Group" and "Patrick Garcia et al" on the lines for "signature of attorney" and "printed name of attorney," respectively (id.). Because the Amended Answer disclosed the name of Defendant's minor child (and because of the continued uncertainty of whether Defendant properly could represent herself and/or whether Defendant's Counsel would represent her), the Court (per the undersigned) directed the Clerk to place the Amended Answer under seal and ordered Plaintiff (as an officer of the Court) to file a properly redacted version to preserve the status quo. (Text Order dated Mar. 18, 2020; see also Docket Entry 71 (the "Redacted Amended Answer").)

On April 24, 2020, Defendant's Counsel filed a motion requesting the appointment of a guardian ad litem for Defendant.

3

(Docket Entry 62 (the "GAL Motion") at 1.)  While the GAL Motion remained pending, on May 15, 2020, Plaintiff moved to strike the Amended Answer and the Redacted Amended Answer because they "fail[] to include the signature of an attorney of record, in violation of this Court's March 3, 2020[, T]ext [O]rder and [Federal] Rule [of Civil Procedure] 11(a)."  (Docket Entry 72 at 1.)  Defendant, again acting pro se, responded in opposition to the Motion to Strike (Docket Entry 76), and Plaintiff replied (Docket Entry 77).  On June 5, 2020, Defendant's Counsel filed a motion seeking to extend the deadline to respond to the Motion to Strike on Defendant's behalf.  (Docket Entry 78 (the "Extension Motion") at 1.)  According to the Extension Motion, "[Defendant's] Counsel [could ]not in good faith submit any pleadings in this matter until" the Court ruled on the GAL Motion.  (Id., ¶ 24.)  On June 11, 2020, Plaintiff moved for an order compelling the withdrawal of Defendant's Counsel.  (Docket Entry 81 (the "Withdrawal Motion") at 1; see also Docket Entries 83 (declaration), 84 (the "Withdrawal Memorandum").)

On February 1, 2021, the Court (per the undersigned) denied the GAL Motion, concluding that (i) it "fail[ed] to comply with this Court's Local Rule 17.1(b)" (Docket Entry 90 at 11) and (ii) "the record raise[d] no 'serious . . . question' about Defendant's competence" (id. (quoting Hudnall v. Sellner, 800 F.2d 377, 385 (4th Cir. 1986))).  That same day, the Court (per the

4

undersigned) granted the Extension Motion, giving Defendant's Counsel until February 22, 2021, to respond to the Motion to Strike. (Text Order dated Feb. 1, 2021.) Defendant's Counsel failed to file a response by that deadline. (See Docket Entries dated Feb. 1, 2021, to Feb. 22, 2021.)

On February 23, 2021, Defendant, again acting pro se, filed the Response. (Docket Entry 92 (sealed).) Two days later, Defendant's Counsel filed the Motion to Amend (Docket Entry 95), representing that Defendant had authorized Defendant's Counsel to file such response on her behalf (id., ¶ 8). The Motion to Amend and supporting exhibits (i) sought relief from the Court's deadline of February 22, 2021 (see id., ¶¶ 15-27), (ii) expressed Defendant's lack of objection to the Motion to Strike (see Docket Entry 95-2, ¶ 34), and (iii) requested leave to file an amended answer and counterclaim (see id., ¶¶ 31–32). Plaintiff responded in opposition to the request to amend (Docket Entry 96; see also Docket Entry 97 (declaration)), and Defendant's Counsel replied (Docket Entry 99).

## DISCUSSION

### I. Motion to Strike

### A. Relevant Standards

Under Federal Rule of Civil Procedure 11 ("Rule 11"),

> [e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented. . . . The court must strike an

5

> unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a). However, some courts have declined to strike a pro se paper filed by a represented party when such party's represented status remains in question. See Carlson v. CSX Transp., Inc., 758 F.3d 819, 826 (7th Cir. 2014) ("Although 'hybrid representation' (i.e., a represented party filing papers on her own) is generally to be avoided, summarily striking *sua sponte* a *pro se* filing that alerts the court to an attorney's withdrawal is unwarranted. The fact that [the party's] lawyers were slow to withdraw formally should not have been held against [the party]." (internal citation omitted)); see also Dauphin v. Hennager, No. 1:15-cv-149, 2017 WL 1745040, at *4 (E.D. Va. May 3, 2017) (unpublished) (declining to strike motions signed only by party represented at the time of filing, in light of counsel's subsequent withdrawal and "in the interests of judicial economy"); but see Dunkin' Donuts, Inc. v. Guang Chyi Liu, Civ. Action Nos. 99-3344, 00-3666, 2002 WL 1471421, at *7 (E.D. Pa. June 25, 2002) (unpublished) (striking papers after noting lack of withdrawal by counsel and concluding that "[a represented party] is not permitted to sign any papers submitted to this Court on behalf of himself"), aff'd, 79 F. App'x 543 (3d Cir. 2003).

### B. Analysis

The Motion to Strike asserts that the Amended Answer contains two related defects. (See Docket Entry 72 at 4–6.) First, no signature by Defendant's Counsel appears on that document. (Id. at 3.) Second, the Amended Answer bears the name of a different attorney, Patrick Garcia, of DSK Law Group. (Id.) As concerns the first defect, the Motion to Strike highlights both Rule 11's signature requirement and the Court's previous Text Order directing "Defendant[] to re-file [the Unsigned] Answer [] with the signature of at least one attorney of record." (Id. at 4–5 (quoting Text Order dated Mar. 3, 2020).) The Motion to Strike contends that Defendant's Counsel represented Defendant at the time she filed the Amended Answer. (Id. at 5.)

Turning to the second defect, the Motion to Strike observes that "[t]he Amended Answer lacks Mr. Garcia's bar number in violation of [this Court's] Local Rule 7.1(b)" and contains only his name, rather than his signature. (Id.) The Motion to Strike further notes that no other attorney (to include Mr. Garcia) "ha[s] entered an appearance on behalf of [Defendant]." (Id. at 5 n.17.) In connection with the Motion to Strike, Plaintiff attached verified copies of his communications with Mr. Garcia, whom Plaintiff contacted to determine whether he represented Defendant in this action. (See Docket Entry 73-1.) According to those documents, Mr. Garcia advised Plaintiff that "neither DSK Law nor

7

[Mr. Garcia] represents Defendant [] in any capacity." (Id. at 3; see also Docket Entry 72 at 5 ("Mr. Garcia expressly disavow[ed] any involvement in preparing the Amended Answer, and expressly state[d] that he has never represented [Defendant].").)

The Court declines to strike the Amended Answer as non-compliant with Rule 11(a) for the following reasons. First, Plaintiff has taken inconsistent positions on the status of Defendant's representation, insofar as the Withdrawal Motion asserts that Defendant discharged Defendant's Counsel, such that the Court should order Defendant's Counsel to withdraw and allow Defendant to proceed pro se. (See Docket Entries 81, 83, 84.) According to the Withdrawal Memorandum, "[w]ritten statements by Defendant show that [Defendant's Counsel] do not have Defendant's authorization to serve as her lawyers, making their withdrawal mandatory under [North Carolina] Rule of Professional Conduct 1.16(a)(3)." (Docket Entry 84 at 1.) In support of that proposition, Plaintiff attached verified copies of emails from Defendant to Plaintiff. (See Docket Entry 83-1.) In one such email, dated April 28, 2020, Defendant explained that Defendant's Counsel no longer represented her and that she remained willing to drop her counterclaim against Plaintiff if he dismissed her from this action. (See id. at 3.) In that same communication, Defendant also forwarded an email she had received from Defendant's Counsel, dated March 4, 2020, in which Defendant's Counsel stated

8

their "intent . . . to withdraw from [Defendant's] case," presumably on Defendant's instructions. (Id. at 3-4 (referencing "[Defendant's] request by email of March 1, 2020").) In another email to Plaintiff, dated May 7, 2020, Defendant emphasized that Defendant's Counsel "DO NOT represent [her]." (Id. at 5.)

Second, the Amended Answer does bear the signature of Defendant (Docket Entry 55 at 7), who has expressed her intention to proceed pro se (see, e.g., Docket Entry 76 at 4 (requesting permission to sign Amended Answer as pro se party and citing Rule 11(a)); see also Docket Entry 76-11 (copy of Amended Answer omitting any reference to Mr. Garcia and DSK Law Group)). Although Defendant's Counsel qualified as counsel of record when Defendant filed the Amended Answer, circumstances have changed since the Court (per the undersigned) ordered "Defendant [] to re-file [her Unsigned] Answer [] with the signature of at least one attorney of record" (Text Order dated Mar. 3, 2020). In that regard, as recently as February 16, 2021, Defendant evidently told Plaintiff and one of her attorneys that she intended to "fil[e] as pro se pending the [Court] removing [Defendant's Counsel]" (Docket Entry 95-1 at 1).

In light of the foregoing, Defendant need not re-file the Amended Answer with the signature of Defendant's Counsel when (i) Plaintiff has sought an order compelling Defendant's Counsel to

9

withdraw from representation (Docket Entry 81)[4] and (ii) Defendant recently has communicated her desire to represent herself in this action (see Docket Entry 95-1 at 1). If the Court ultimately grants the Withdrawal Motion and Defendant decides to proceed pro se, Defendant's signature on the Amended Answer satisfies Rule 11(a).

## II. The Response

### A. Relevant Standards

Under Federal Rule of Civil Procedure 15 ("Rule 15"),

> [a] party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.

Fed. R. Civ. P. 15(a)(1), (2). In general, courts liberally construe filings by pro se litigants. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Bala v. Virginia Dep't of Conservation & Rec., 532 F. App'x 332, 334 (4th Cir. 2013) ("[A] pro se litigant . . . is entitled to liberal construction of his pleadings."). However, that "liberal construction does not mean overlooking . . . the Federal Rules of Civil Procedure." Bing v. Brivo Sys., LLC, 959 F.3d 605, 618 (4th Cir. 2020); see also M.D.N.C. LR 11.1(a) ("Any individual representing himself or

---

 [4] The Withdrawal Motion remains pending. (See Docket Entries dated June 11, 2020, to present.)

10

herself without an attorney is bound by the Federal Rules of Civil . . . Procedure, this Court's Local Rules, and all other applicable law. All obligations placed on 'counsel' by this Court's Local Rules apply to individuals appearing *pro se*.").

### B. Analysis

Defendant tendered the Response in connection with the Text Order granting the Extension Motion, which gave Defendant's Counsel additional time to respond to the Motion to Strike. (See Docket Entry 92 (referencing Text Order dated Feb. 1, 2021).) However, in substance, the Response constitutes a second amended answer and counterclaim. (See id. at 1 (entitled "the Defendant's Answer to the Complaint" (standard capitalization applied)).) Unlike the Amended Answer, the Response asserts different defenses and affirmative defenses, alleges additional facts in support of Defendant's counterclaim against Plaintiff, and increases the demand for damages from $50,000 to five million dollars. (Compare Docket Entry 71, with Docket Entry 92.)

Properly construed as an attempt to amend the Amended Answer, the Response cannot stand. Rule 15 authorizes Defendant to amend her answer only "once as a matter of course" within certain time limits. Fed. R. Civ. P. 15(a)(1). Because Defendant already has amended her answer (see Docket Entries 5, 55), further amendments require either the Court's leave or Plaintiff's written consent, see Fed. R. Civ. P. 15(a)(2). Critically, Defendant did not seek

11

the Court's leave to amend, and the record bears no indication that Plaintiff has consented (in any form) to the filing of the Response. (See Docket Entries dated Feb. 23, 2021, to present.) To the contrary, Plaintiff has objected to efforts by Defendant's Counsel to amend Defendant's Amended Answer. (See Docket Entries 96, 97.) However, because Defendant requested that the Clerk maintain the Response under seal (see Docket Entry 92 at 19), Plaintiff could not access it, for purposes of objecting or otherwise responding (Docket Entry 96 at 5 ("The [Response] was sealed by the Clerk's office and unavailable to Plaintiff[]. Yet it is presumed to be the same document provided pro se by [Defendant] to Plaintiff[], a redacted copy of which was filed at Docket Entry 94[-]7.")).

Furthermore, by requesting sealing of the Response in the manner she did, Defendant also violated this Court's Local Rules, which require "a party [that] seeks to file documents or portions of documents under seal . . . [to] file a motion to seal on the public docket containing a non-confidential description of what is to be sealed," M.D.N.C. LR 5.4(c).[5] Defendant failed to file any

---

[5] Said Local Rule provides an exception for "[d]ocuments for which sealing is provided by a governing statute, rule, or order, but" provides that "the face of the document should specifically note the statute, rule, or order providing for sealing . . . ." M.D.N.C. LR 5.4(d)(1). In relevant part, Federal Rule of Civil Procedure 5.2(a) protects "the name of an individual known to be a minor" from disclosure and states that public filings may include only "the minor's initials." Fed. R. Civ. P. 5.2(a)(3). The Court
(continued...)

12

such motion or supporting materials.  (See Docket Entries dated Feb. 23, 2021, to present.)

For the foregoing reasons, the Court will strike the Response as non-compliant with Rule 15 and with this Court's Local Rules. See M.D.N.C. LR 83.4(a)(3).

### III. Motion to Amend

The Motion to Amend concerns three main topics: the failure by Defendant's Counsel to respond to the Motion to Strike by February 22, 2021 (see Docket Entry 95, ¶¶ 15–27); Defendant's non-opposition to the Motion to Strike (see Docket Entry 95-2, ¶ 34); and Defendant's Counsel's intent to file a second amended answer and counterclaim (see id., ¶¶ 31–32).  Because the Motion to Strike fails for the reasons already discussed, the Court need not address Defendant's non-opposition to that motion or the untimeliness of such response by Defendant's Counsel.  Only the third topic, the request for leave to file another amended answer and counterclaim, remains for consideration.

The Court declines to consider the merits of such request at this stage, given the uncertainty about the status of Defendant's representation in this action.  In that regard, Defendant has participated in this matter on her own behalf, despite the fact

---

5(...continued)
notes that the Response discloses, on numerous pages, the full name of Defendant's minor child.  (See Docket Entry 92 at 9–13, 15–18.) Defendant must redact such material (or use the child's initials) in future filings.

13

that Defendant's Counsel remains counsel of record, with filings ranging from duplicative to contradictory. (See, e.g., Docket Entries 62, 67, 80.) However, "[t]here is no right to 'hybrid representation' in which [a] defendant is represented both by [her]self and by counsel." Kelly v. Solomon, No. 3:17-cv-311, 2020 U.S. Dist. LEXIS 151530, at *1 (W.D.N.C. Aug. 20, 2020) (unpublished) (citing McKaskle v. Wiggins, 465 U.S. 168, 183 (1984)). Because Plaintiff's request to compel the withdrawal of Defendant's Counsel predates the attempt by Defendant's Counsel to file amended pleadings on behalf of Defendant, the Motion to Amend must await the Court's ruling on the Withdrawal Motion. Therefore, the Court will deny the Motion to Amend without prejudice.

As a final matter, having clarified that the Amended Answer constitutes the operative pleading, Plaintiff must answer or otherwise respond, by April 16, 2021, to the counterclaims Defendant has asserted therein.

## CONCLUSION

Plaintiff has failed to demonstrate that the Amended Answer violates Rule 11(a), insofar as it bears the signature of the filing party who has sought to proceed pro se. Indeed, Plaintiff has attempted to compel such result by filing the Withdrawal Motion. The Response, which the Court construes as an improperly sealed and unauthorized amended answer, cannot stand, as it violates Rule 15 and this Court's Local Rules. Finally, the Court

14

declines to address the Motion to Amend while the Withdrawal Motion remains pending, as the resolution of the latter may moot Defendant's Counsel's request to file an amended answer and counterclaim.

**IT IS THEREFORE ORDERED** that the Motion to Strike (Docket Entry 72) is **DENIED.**

**IT IS FURTHER ORDERED** that the Response (Docket Entry 92) is **STRICKEN.**

**IT IS FURTHER ORDERED** that the Motion to Amend (Docket Entry 95) is **DENIED WITHOUT PREJUDICE,** pending the resolution of the Withdrawal Motion (Docket Entry 81).

**IT IS FURTHER ORDERED** that Plaintiff shall answer or otherwise respond, by April 16, 2021, to the counterclaims in the Amended Answer (Docket Entry 55).

                                    /s/ L. Patrick Auld
                                  **L. Patrick Auld**
                          **United States Magistrate Judge**

March 25, 2021