IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| ANORUO UGOCHINYERE ASILONU, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| v. | ) | 1:19-CV-1122 |
|  | ) |  |
| ESTHER OKEIYI, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**ORDER**

The defendant Esther Okeiyi moves to dismiss for failure to prosecute or, in the alternative, for sanctions. After the Court advanced the trial date, the defendant filed an unauthorized "supplement" to the motion, adding purported new grounds for dismissal and asking for a hearing. She has attached to this twelve-page "supplement" over two hundred pages of attachments.

In both the original motion and the supplement, the defendant has made confusing and conclusory arguments. She has violated the Local Rules, which require that each motion be supported by a brief, *see* LR 7.3, instead filing voluminous motions. In both filings, the defendant attacks the plaintiff and plaintiff's counsel in pejorative terms yet she does not clearly explain the alleged failures or, more importantly, show any actual prejudice from those purported failures.

It may be that the plaintiff has not done everything he should have done, but it is also clear that the defendant has taken and continues to take every opportunity to make this case more complicated than it is. Perhaps if the Court took several weeks drilling

down into the behavior of the parties and counsel, sanctions against one or, more likely, both sides would be appropriate. But as to the pending motions the burden is on the defendant, who is seeking the sanctions. The Court has no responsibility to do defense counsel's work for them by wading through confusing briefs that manage to be both conclusory and long-winded to determine what if any discovery violations have occurred. To do so would be a waste of court resources, and prompt resolution on the merits is a better approach.

The defendant has not established the necessary prerequisites for sanctions, much less dismissal. Nor has she shown a valid reason for an extension of the discovery period or orders compelling compliance. No hearing is necessary.

The case was set for trial in July. As no dispositive motions were filed by the deadline, and given the Court's other trial obligations in July, the case can be tried sooner and has therefore been advanced. *See* Doc. 160. The Court has reviewed and studied the voluminous record and finds that this simple breach of contract case can be fairly tried in three days.

The conduct of counsel to date gives rise to concerns over their ability to comply with court orders and to try the case fairly in front of a jury. Therefore, this Order contains detailed trial preparation requirements that avoid the need for counsel to confer with each other and that should make the trial manageable and orderly, if counsel comply. Striking the defendant's request for a jury trial is a possibility if going forward defense counsel files confusing, pejorative, conclusory, or non-productive motions or trial preparation materials or violates the provisions of this Order. Dismissal is a

2

possibility if plaintiff's counsel fails to meet filing deadlines. The Court will consider these possibilities *sua sponte* if the need arises, so counsel need not file motions seeking this relief.

In the Court's discretion and its inherent power to manage the proceedings, it is **ORDERED** that:

1. The defendant's motion to dismiss or for sanctions, Doc. 129, is **DENIED**.
2. The defendant's motion for hearing contained in her "supplement," Doc. 161, is **DENIED.**
3. Trial is set for May 22, 2023.
4. Trial briefs are due March 13, 2023, are limited to 5000 words, and **SHALL** address only whether the defendant has breached the contract in whole or in part and the amount of damages. *See generally* Doc. 109 at 16, 20.
5. Each party **SHALL** file a proposed verdict sheet and proposed jury instructions as to each jury issue no later than March 17, 2023. Given the history of this case, the Court will not require the parties to meet and confer over jury instructions. The proposed instructions are limited to 4000 words and **SHALL** include citations to case law, model instructions, or other legal sources as to the elements of the plaintiff's claim and damages.
6. The parties **SHALL** file all pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3)(A) no later than March 24, 2023. Each exhibit **SHALL** be listed separately with a short identifying name and **SHALL** be

further identified by an exhibit number. By way of example and only to show acceptable format:

1. Plaintiff's Exhibit 1: Form I-864 Signed 01/01/2011
2. Plaintiff's Exhibit 2: Application for Permanent Residency Signed 01/01/2011

7. On March 29, 2023, at 9:30 a.m., lead trial counsel for each side **SHALL** come to the Preyer Courthouse in Greensboro and meet with the case manager in Room 309. Each lawyer **SHALL** provide the case manager with their original exhibits to be used at trial; each exhibit **SHALL** be labelled with an exhibit sticker containing the number corresponding to the exhibit list provided on March 24, 2023, *i.e.*, Plaintiff's Exhibit 1, 2, etc. or Defendant's Exhibit 1, 2, etc. The original exhibits **SHALL** be provided in an expandable folder. Each lawyer **SHALL** also provide the case manager with two identical copies of all exhibits, including the exhibit sticker showing the exhibit number; each set **SHALL** be provided in a notebook with numbered tabs corresponding to the exhibit number and with a printed copy of the exhibit list at the front of the notebook in the form of a table of contents. Each lawyer **SHALL** bring a third identical copy in a notebook for opposing counsel. In the case manager's presence, the lawyers **SHALL** exchange their hard copies of exhibits. Counsel **SHALL** review the originals, their copies, and the copies provided to the case manager to be sure they match and are complete. Personal attendance of lead trial counsel is required.

4

Case 1:19-cv-01122-CCE-LPA   Document 163   Filed 01/31/23   Page 4 of 7

8. Objections as required by Federal Rule of Civil Procedure 26(a)(3)(B) **SHALL** be filed no later than April 10, 2023. Objections are limited to the form set forth in the rule and no objection to an exhibit may be longer than fifteen words.

9. Any motion *in limine* **SHALL** be filed no later than April 13, 2023. All matters appropriate for *in limine* resolution **SHALL** be raised in one omnibus motion per side, supported by one brief limited to 5000 words. Responses **SHALL** be filed no later than April 21, 2023, in one omnibus brief in opposition limited to 5000 words. No reply briefs are allowed.

10. If any party intends to use the electronic evidence display system, training must be completed no later than April 28, 2023.

11. The Court does not find it helpful when submissions contain hyperbole, opinions of counsel, excessive adverbs, underlining, bolded lettering, capitalization for emphasis, or italics other than as necessary for appropriate bluebook citation format. Any submission containing such is subject to being stricken without further notice and without permission to resubmit. No party may file a motion to strike based on this provision; it is a rule for the benefit of the Court and the public interest. The Court will enforce it *sua sponte* without further notice, should its straightforward provisions be violated.

12. The Court encourages the parties to put aside difficulties to date and to focus on the trial. The Court will not revisit old discovery disputes, nor will it tolerate nitpicking disagreements over irrelevant matters.

13. The Court expects compliance with these deadlines and will not extend them. If counsel have a conflict on the date of a deadline, the materials can be filed earlier. Failure to comply will have consequences appropriate for the circumstances, such as shortening of trial time, exclusion of late-identified witnesses or exhibits, or otherwise.

14. After review of trial preparation materials, the Court will set specific time limits for each side's presentation of evidence. For planning purposes, no party should expect to have more than five hours within which to make an opening statement, present his or her witnesses, cross-examine opposing witnesses, and make a closing argument. The Court may shorten that time.

15. Going forward, if any party files any motion not contemplated by this Order, the word limits for any brief in support are set at 3000 words; responses must be filed within five business days and have the same word limit; and reply briefs are not authorized.

16. Any litigant or lawyer who wishes to participate in the trial **SHALL** be present in Courtroom 3 of the Preyer Courthouse in Greensboro no later than 8:45 a.m. on May 22, 2023. Jury selection will begin promptly at 9:30 a.m. or as soon thereafter as the jury panel is ready. Witnesses must be present when needed. Court time is a scarce resource and the Court will not waste the jury's time with unnecessary waiting. Therefore the Court will not wait on anyone who is not present at the designated time or when their testimony is required, so everyone should plan accordingly and arrive early.

17. Consistent with its usual practice, the Court will conduct the voir dire. It will ask all the usual questions and questions about the familiarity of any juror with the I-864 forms and related immigration forms and procedures. If a party wishes to provide specific questions for the Court's consideration, it may file no more than ten suggested questions no later than May 1, 2023.

18. The Court requires everyone in the courtroom to wear a mask for public health and safety reasons. Witnesses may remove their masks when on the witness stand testifying and counsel may remove their masks when examining the witness or making opening statement or closing argument.

This the 31st day of January, 2023.

_____
UNITED STATES DISTRICT JUDGE