IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANORUO U. ASILONU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19-CV-1122 |
| | ) | |
| ESTHER OKEIYI, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

After lead trial counsel for the defendant, Jocelyn Singletary, failed to appear for a mandatory exchange of trial exhibits with the case manager, the Court gave the defendant notice that sanctions would be imposed in the absence of a showing that sanctions were inappropriate or unwarranted. Doc. 174. The Court gave the defendant an opportunity to be heard in writing and set the matter for hearing on April 5, 2023. *Id.* at 4. The defendant filed a response and evidence. Docs. 176, 176-1, 176-2, 176-3.

The Court held a hearing on April 5, 2023, at which attorney Valeria Cesanelli appeared for the plaintiff, and attorneys Ms. Singletary and Mary Okeiyi appeared for the defendant. Minute Entry 04/05/2023. As ordered, the defendant, Dr. Esther Okeiyi, also appeared. *Id.* The plaintiff was not required to appear. Doc. 174 at 4.

This Order summarizes and supplements the Court's findings and memorializes the orders entered in open court at the conclusion of the hearing.

Scheduling and pre-trial orders are important. As eloquently summarized in a recent decision by a sister court:

> The Court begins with what is obvious: any violation of this Court's orders is serious because it challenges the authority of the Court. As the parties must be aware, the Court relies on the attorneys and parties that appear before it to follow its orders. The Court does not have a mechanism of enforcing its orders outside the parties' voluntary compliance and the Court's ability to issue further orders; there is no third party readily available to police the parties to make sure that the Court's orders are obeyed, or to force them into compliance. For this reason, when a party violates the Court's orders, the Court routinely imposes sanctions against the noncompliant party.

*Canter v. Zeigler*, No. 17-CV-908, 2022 WL 6754646, at *7 (D. Md. Oct. 10, 2022). When a party violates a scheduling order, courts can impose sanctions, including the exclusion of evidence. *See, e.g.,* Fed. R. Civ. P. 16(f) (scheduling orders); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991) (recognizing the inherent power of courts to fashion appropriate sanctions for conduct that disrupts the judicial process).

Sanctions are usually not appropriate if the failure to disclose is substantially justified and harmless. *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). Five factors are generally relevant: (1) surprise to the opposing party; (2) the ability of the party to cure that surprise; (3) the extent to which the violation will disrupt the trial; (4) the explanation for the party's failure to comply; and (5) the importance of the evidence. *Id.*; *see also Gomez v. Haystax Tech., Inc.*, No. 16-CV-1433, 2017 WL 11506331, at *7 (E.D. Va. Oct. 17, 2017).

It is also appropriate to consider the challenges that ignoring the violation would present to the Court's resources and schedule. Courts, not parties, are the ultimate

scheduling authority, both to manage and reduce the undue inefficiency, confusion, and prejudice that can arise "when the parties are left to their own devices," *see* Fed. R. Civ. P. 16(b) & advisory committee's note to 1983 amendments, *N.C. State Conf. of the NAACP v. Cooper*, No. 18-CV-1034, 2020 WL 5806484, at *2 (M.D.N.C. May 27, 2020), and to take into account the Court's broader caseload as well. *Cooper*, 2020 WL 5806484, at *2. Courts have many demands on their energies, and other cases also demand attention. Failure to adhere to scheduling orders implicates these concerns and disrupts proceedings. *See id*. And, as noted, the Court has an interest in promoting respect for its orders. *Canter*, 2022 WL 6754646, at *7

The Court finds and concludes as follows.

By Order filed January 31, 2023, the Court imposed a detailed and specific schedule for trial preparation events leading up to trial, fashioned for the particular needs of this case. Doc. 163. Among other things, lead trial counsel for each side were ordered to come to the Preyer Courthouse in Greensboro, North Carolina, meet with the case manager, and provide and exchange appropriately-labeled trial exhibits. *Id*. at 4. By Order filed March 21, 2023, the parties were ordered to redact personal information from all trial exhibits. Doc. 169 at 3. As defense counsel knew, lead trial counsel for the plaintiff had to come cross-country for the exhibit exchange.

Defense counsel failed to timely appear on March 29, 2023, for the exhibit exchange as required by this Court's Order. *See* Doc. 163 at ¶ 7; Text Order 03/29/2023. Plaintiff's counsel timely appeared with the required copies of exhibits, and all was in order. Doc. 174 at 1. Defense counsel appeared at the courthouse approximately four

hours late with copies of some of the defendant's exhibits, some of which were not properly redacted; this was after plaintiff's counsel fully complied with the Court's Order, went through training for use of the equipment to display exhibits to the jury, checked back in with the case manager, and left the courthouse. *Id.*

Defense counsel caused the same exhibits produced to the case manager to be delivered to plaintiff's counsel in Seattle, Washington, on Monday April 3, 2023, five days after the scheduled exhibit exchange. As of the hearing on April 5, 2023, at 2 p.m., the defendant still has not provided the case manager with complete sets of her exhibits. On March 29, 2023, and to date, she has not produced Defendant's Exhibits 6, 8, 16, 29–34, and 38–40, nor has she produced any of the unnumbered exhibits identified as exhibits she may present at trial should the need arise. Doc. 173 at 7 (listing 11 unnumbered exhibits). The case manager has received Defendant's Exhibit 7, but it is unredacted.

The failure to comply with the Order has unnecessarily wasted court resources, prejudiced the plaintiff, and interfered with orderly trial preparations, as set forth at the hearing and summarized herein. The failure to comply was not substantially justified. The excuses offered by defense counsel for the failure to comply do not constitute good cause or good faith for failing to appear at the appointed time. Nor do they show good cause or good faith for failing to timely produce and exchange the exhibits.

The violation prevented the case manager from examining the defendant's proposed exhibits in the time set aside for this task. The violation also wasted the case manager's time, as she was forced to spend essentially twice as much time on the trial

4

exhibit production because of the failure of defense counsel to appear on time, thus wasting court resources. The violation has also wasted the Court's time, as it has been forced to reevaluate the schedule and consider what modifications if any are or may be required.

Defense counsel's violation of the Order means that plaintiff's counsel did not timely receive copies of the defendant's exhibits. Even now, defense counsel has not produced to the plaintiff a complete set of exhibits compliant with court orders. This interferes with the plaintiff's ability to file objections, which are due just a few days from now. *See* Doc. 163 at ¶ 8.

Defense counsel's violation has and will disrupt the carefully-planned schedule for trial preparations. The primary purpose for plaintiff's counsel to appear in person was to review the exhibits with defense counsel and the case manager at the same time and to ensure timely exchange of exhibits; defense counsel's failure to comply wasted plaintiff's counsel's time and resources. In the absence of court action, plaintiff's counsel will not be able to evaluate the need for objections and motions in limine on the current schedule. If nothing is done, the violation is likely to multiply the proceedings and disrupt the trial, as all counsel were not able to jointly review the exhibits together with the case manager; for example, problems with copies will have to be handled via other methods, with which the parties have not done well in the past.

The defendant and defense counsel had almost two full months' notice of the deadline and were aware that sanctions, including the exclusion of evidence, would be imposed for failure to comply. *Id.* at ¶ 13. Defense counsel did not file a motion for

extension of time and has offered no evidence that they informed plaintiff's counsel that defense counsel would not be complying with the Order. A cursory 6 a.m. email to the case manager on the day of the exhibit exchange is inadequate to justify or excuse the failure to timely appear and shows a disregard for the meaning of court orders and the need to comply with them. It is appropriate to take into account defense counsel's disregard and disrespect for the Court's order.

The Court appreciates the difficulties caused for lead counsel by a number of illnesses and a death. *See* Doc. 176-2 at ¶¶ 3–6, 9–15. But counsel had two entire months to produce the exhibits on time; this was not a short deadline. And co-counsel has obviously been involved extensively in the litigation, *see* Doc. 20 (noting co-counsel's involvement in the case as early as January 2020), and she has had no such difficulties. *See* Doc. 176-3 (indicating only a three-day absence from work during the relevant time frame).

Defense counsel continues to blame others, including the plaintiff, the Magistrate Judge overseeing discovery, and the undersigned, for their own failures. But only a couple of the exhibits she failed to produce at the date and time ordered came from the plaintiff; she had two entire months to prepare the exhibits, and the Magistrate Judge appropriately handled all discovery disputes. The discovery period was long, with plenty of time to obtain documents from third parties as needed. *See* Text Order 8/30/21 (authorizing discovery to begin); Text Order 10/1/22 (referencing close of discovery as 12/1/22). The Court fully appreciates the discovery difficulties the defendant has experienced with the plaintiff's responses, but defense counsel has had months to obtain

6

information from third parties; indeed, counsel told the Court at the hearing that they have had the records for months. Moving a trial up seven weeks while still allowing four months for trial preparations is a generous trial preparation schedule.

Counsel's assertion at the hearing that they were ready to comply before the Court limited their number of exhibits is either not credible or another example of defense counsel unnecessarily complicating routine tasks. If hundreds of exhibits were ready to be exchanged and submitted before the Court reduced the number of exhibits, then a reduced number of those exhibits would have still been ready on the due date. *See also* footnote 1, *infra*. And none of these excuses explain why lead trial counsel for the defendant did not even show up on time, whatever the state of the exhibits; this shows a lack of respect for court orders, not to mention an absence of respect for Clerk's office staff and a dearth of common courtesy.

On these facts, a sanction for failing to comply with a court order is appropriate in the Court's inherent authority and pursuant to the Federal Rules. *See Chambers*, 501 U.S. at 44–45; *see also* Fed. R. Civ. P. 16(f)(1)(C). Because all of the problems caused by the defendant's failure to comply with the Court Order are avoided if the defendant is precluded from offering any exhibits at trial, that is the most obvious appropriate sanction, and the Court gave notice of this possibility to the defendants in the Show Cause Order. Doc. 174 at 3. On the other hand, it could significantly harm the defendant, who does not appear to be at fault for her attorneys' misconduct.

The Court has considered other possible limitations on the defendant at trial. There are a number of possibilities, and the Court will not discuss every single possibility

7

it has considered. Among them are a fine payable by counsel, payment of plaintiff's attorney's fees incurred because of the violation, extensions of time for the plaintiff to object, more limited exclusions of the defendant's exhibits, and restrictions on delays caused if defense counsel cannot locate plaintiff's exhibits during trial.

A wholesale extension of remaining deadlines is not a very good option; it would require revision of many other deadlines in place, and it would delay the Court's consideration of disputes over the exhibits to a time when the Court's schedule is otherwise fully booked with other cases. A more focused exclusion of all exhibits the defendant has not yet produced may be appropriate, but it would still require deadline extensions so plaintiff's counsel has time to review the voluminous exhibits. None of the exhibits the defendant failed to produce appear crucial to her case, and a number are clearly inadmissible.[1] A fine would emphasize the importance of complying with court orders and would be directed to counsel, the real offender here. Restricting delays if the defendant claims to have problems with the plaintiff's exhibits at trial is appropriate, as that is one of the problems the in-person exchange would have avoided.

The Court finds in its discretion that an appropriate sanction is to extend the plaintiff's time to file objections, make another adjustment to the deadlines required because of the first adjustment, and, subject to one exception, exclude the exhibits the

---

[1] According to defense counsel at the hearing, one of the excluded exhibits contains over 3000 pages and is a composite of records from numerous third-party sources. While perhaps it is possible that all of these pages would ultimately be admissible, it is unlikely the exhibit would overcome Rule 403's barriers. Moreover, this seems a clear effort by the defendant to avoid the Court's limitation on the number of exhibits. It also makes no logistical sense and is further evidence of defense counsel's determination to unnecessarily make things complicated.

8

defendant has not yet produced. Specifically, the defendant will be precluded from offering into evidence Defendant's Exhibits 8, 16, 29–34, 38–40, as well as the unnumbered exhibits listed as to be used "should the need arise." *See* Doc. 173 at 7. The defendant will not be precluded from offering into evidence Defendant's Exhibit 6 and 7, which are designations of the plaintiff's deposition testimony; the plaintiff no doubt has a copy of the deposition and the defendant did, finally, provide page and line numbers. Adjustments to some of the deadlines are also imposed, as stated *infra*, to give plaintiff's counsel time to review the exhibits he did receive and to file appropriate objections and motions *in limine*.

If the defendant and her attorneys do not comply with the remaining provisions of the Scheduling Order or this Order, the defendant may face more serious consequences, up to and including entry of a default judgment or the striking of defenses or further restrictions on evidence. Counsel also face potential sanctions. As stated in open court in the defendant's presence, the Court is unlikely to again protect the defendant from her own attorneys in the future and is likely to draw the inference that counsel are acting with her approval.

It is **ORDERED** that:

1. The defendant is **PRECLUDED** from offering into evidence Defendant's Exhibits 8, 16, 29–34, 38–40, and the unnumbered exhibits listed as to be used should the need arise. *See* Doc. 173 at 7.

2. The defendant **SHALL** deliver to the case manager Defendant's Exhibit 6 and a redacted version of Defendant's Exhibit 7 no later than close of business on

April 6, 2023, and failure to comply **SHALL** result in exclusion of the exhibits from evidence without further hearing.

3. The defendant is **PRECLUDED** from delaying the proceedings during trial based on any claim that she cannot locate or does not have a particular exhibit from the plaintiff; there will be no pauses when plaintiff's counsel shows an exhibit to a witness, so long as the exhibit is identified by exhibit number.

4. The plaintiff's deadline to object to the defendant's remaining exhibits is **EXTENDED** to April 17, 2023. The defendant's deadline to object to the plaintiff's exhibits is not extended.

5. The deadline for all parties to file motions *in limine* is **EXTENDED** to April 19th, and the deadline for responses is **EXTENDED** to April 24th. No reply briefs are allowed.

6. All other requirements of the Scheduling Order, Doc. 163, and the Local Rules remain in effect.

This the 6th day of April, 2023.

_____
UNITED STATES DISTRICT JUDGE